IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                Civil Action No. _____

SWAMI PANCAKE, LLC, d/b/a
"INTERNATIONAL HOUSE OF PANCAKES"
or "IHOP"

        Defendant.
_____/

## **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and a class of former and/or current female employees who were/are adversely affected by such practices.  As alleged with greater particularity in the paragraphs below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Swami Pancake, LLC, d/b/a "International House of Pancakes" or "IHOP" subjected Charging Party Neleitha Hinson and a class of female employees to a sexually hostile work environment based on their sex.

## **JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.

1

§2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Swami Pancake, LLC d/b/a "International House of Pancakes" or "IHOP" ("Swami IHOP" or "Defendant"), a Florida limited liability company, has continuously done business in the State of Florida with its principal place of business in Plantation, Florida.

5. At all relevant times, the Defendant has continuously had at least fifteen employees.

6. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty days prior to the institution of this lawsuit, Ms. Hinson filed a charge of discrimination with the Commission alleging violations of Title VII against the Defendant.

8. The Commission sent the Defendant notice of Ms. Hinson's charge.

9. The Commission issued a Letter of Determination on August 31, 2018 finding reasonable cause to believe that Defendant discriminated against Ms. Hinson and a class of aggrieved female employees because of sex (female).

10. The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Manish Patel is the managing member of Swami Pancake, LLC, which operates an International House of Pancakes or IHOP restaurant franchise at 2 North State Road 7, Plantation, Florida, 33177.

14. The owner of Swami IHOP is Manish Patel.

15. Manish Patel is the restaurant's General Manager for Swami IHOP.

16. Mr. Patel's wife, Bina Patel, also works at the Swami IHOP restaurant.

17. On or about October 2009, Neleithia Hinson, a female, began working at Swami IHOP as a server.

18. Ms. Hinson reported directly to Mr. Patel.

19. Mr. Patel was Ms. Hinson's direct supervisor throughout her employment.

20. Soon after she was hired, Mr. Patel began subjecting Ms. Hinson to unwelcome conduct and comments of a sexual nature including, but not limited to:

   a. Mr. Patel making sexual advances to Ms. Hinson;

    b. Mr. Patel asking Ms. Hinson out to dinner;

    c. Mr. Patel asking Ms. Hinson to have sex with him in different locations;

    d. Mr. Patel making crude, sexually offensive comments towards Ms. Hinson during her shifts at work; and

    e. Mr. Patel frequently touching Ms. Hinson inappropriately, including trying to wrap his arms around her.

21. Mr. Patel would regularly sit in the restaurant parking lot and wait for Ms. Hinson to finish her shift in order to make sexual advances to her, invite her to dinner, or for sex, while she was isolated from other employees and customers.

22. Mr. Patel also parked his car blocking Ms. Hinson's car so that she could not drive her car. Mr. Patel yelled, "Why won't you kiss me?" and threatened, "I won't let you go home until you kiss me."

23. Ms. Hinson repeatedly told Mr. Patel to stop and that his sexual advances and requests were unwelcome.

24. Ms. Hinson repeatedly told Mr. Patel to stop because his comments and conduct were disgusting and inappropriate.

25. On occasion, Mr. Patel would change and/or attempt to change Ms. Hinson's work schedule to accommodate his requests that she spend time with him outside of work.

26. Mr. Patel told Ms. Hinson that making changes to her work schedule made her dependent upon him, or similar words to the same effect.

27. Ms. Hinson often attempted to avoid interaction with Mr. Patel. When Mr. Patel would ask her to go to the manager's office, she would ask other employees to knock on the office door and interrupt her meeting with Mr. Patel to avoid being alone with him for

fear he would sexually harass her.

28. Mr. Patel regularly asked other female restaurant employees to go out to dinner with him.

29. Mr. Patel subjected other female restaurant employees to similar unwelcome conduct and comments of a sexual nature including, but not limited to:

   a. Hitting on them;

   b. Comments about breasts;

   c. Comments about buttocks;

   d. Touching them; and

   e. Trying to kiss them.

30. On or about October 2, 2017, Mr. Patel told Ms. Hinson that he wanted to have sex with her. Ms. Hinson again rejected Mr. Patel's sexual advances. Mr. Patel responded to her saying something along the lines of, "Do you use your finger?" and "your pus** must be old and shriveled up with cobwebs."

31. Four days later, on or about October 6, 2017, Mr. Patel issued a negative "job performance evaluation" to Ms. Hinson alleging that he personally observed Ms. Hinson fail to charge a customer for drink orders.

32. That same day, Mr. Patel reduced Ms. Hinson's work schedule by half for a one-month period.

33. Specifically, Ms. Hinson's work schedule was reduced from six days a week to only three days a week of work.

34. Due to the immediate decrease in work hours, Ms. Hinson also suffered a drastic decrease in wages.

35.     Ms. Hinson was forced to resign on or about the middle of October 2017.

36.     During the course of her employment with Swami IHOP, Ms. Hinson successfully performed her job as a server.

37.     As a result of Mr. Patel's unlawful conduct, Ms. Hinson and others were harmed and suffered damages.

## STATEMENT OF CLAIMS

38.     Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39.     Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting the Charging Party, Ms. Hinson, and a class of current and/or former female restaurant employees to a sexually hostile work environment.

40.     The effect of the practices complained of in paragraphs 13 through 37 above has been to deprive Ms. Hinson and a class of current and/or former female restaurant employees of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex.

41.     The effect of the practices complained of in paragraphs 13 through 37 above has been to deprive Ms. Hinson of equal employment opportunities because of her opposition to unlawful practices.

42.     The unlawful employment practices complained of in paragraphs 13 through 37 above were intentional.

43.     The unlawful employment practices complained of in paragraphs 13 through 37 above were done with malice or with reckless indifference to the federally protected rights of Ms. Hinson and a class of current and/or former female restaurant employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

44. Grant a permanent injunction enjoining the Defendant, its owner, members, agents, managers, supervisors and all persons in active concert or participation with it, from engaging in discriminatory conduct based on sex including, but not limited to, permitting a sexually hostile work environment;

45. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities without regard to sex;

46. Order the Defendant to make Ms. Hinson and a class of female current and/or former female restaurant employees whole by providing appropriate backpay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

47. Order the Defendant to make whole Ms. Hinson and a class of current and/or former female restaurant employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 37 above, in amounts to be determined at trial;

48. Order the Defendant to make whole Ms. Hinson and a class of current and/or former female restaurant employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 37 above, including emotional pain and suffering, in amounts to be determined at trial;

49. Order the Defendant to pay Ms. Hinson and the class of female current and/or

former employees punitive damages for its malicious and reckless conduct, as described in paragraphs 13 through 37 above, in amounts to be determined at trial;

50. Grant such other further relief as the Court deems necessary and proper in the public interest; and

51. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: March 19, 2019.

    Respectfully submitted,

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    U.S. Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507

    ROBERT E. WEISBERG
    Regional Attorney
    KIMBERLY A. CRUZ
    Supervisory Trial Attorney

    s/Carmen Manrara Cartaya
    CARMEN MANRARA CARTAYA
    Trial Attorney
    Florida Bar No. 0073887
    U.S. Equal Employment Opportunity Commission
    Miami District Office
    100 S.E. 2nd Street, Suite 1500
    Miami, Florida 33131
    Tel: 305-808-1786
    Carmen.Cartaya@eeoc.gov