UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-60714-CIV-AHS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

NELEITHIA HINSON,

Plaintiff-Intervenor,

v.

SWAMI PANCAKE, LLC, d/b/a
"INTERNATIONAL HOUSE OF
PANCAKES" or "IHOP".

    Defendant.
_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendant Swami Pancake, LLC ("Defendant" or "Swami"). The EEOC and Defendant are collectively referred to as the "Parties" throughout this Decree.

## INTRODUCTION

1.     The EEOC filed this action on March 19, 2019, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Neleithia Hinson ("Ms. Hinson" and class member(s) ("Class Member").

2.     On April 30, 2019, the Court granted Ms. Hinson's Motion to Intervene as Plaintiff-Intervenor.

3. The EEOC alleges that Swami violated Title VII by subjecting Charging Party and Class Member to a sexually hostile work environment while employed at Swami.

4. Swami denies any liability towards Charging Party and Class Member and denies any wrongdoing.

5. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

6. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties in writing, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

7. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

8. This Decree fully and finally resolves all claims asserted by the EEOC in its Complaint against Defendant (Case No: 19-CV-60714), based on EEOC Charge Number 510-2018-00318. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the EEOC against Swami other than the Charge Number referred to in this Paragraph.

9. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties, and will retain jurisdiction for the duration of this Decree.

   b. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party and the public interest are adequately protected by this Decree.

   d. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of Charging Party, Class Member, Swami, the EEOC and the public.

   e. The terms of this Decree are and shall be binding upon Swami Pancake, LLC, its present and future agents, directors, officers, successors and assigns.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

<u>**GENERAL INJUNCTIVE PROVISIONS**</u>

10. Defendant, its owner, and all of Defendant's officers, managers, supervisors, agents, partners, successors and assigns, are enjoined from engaging in, encouraging or permitting

unlawful conduct that discriminates on the basis of sex in violation of Title VII, including conduct which forms a sexually hostile work environment.

11.     [INTENTIONALLY LEFT BLANK]

## MONETARY RELIEF

12.     In settlement of all claims asserted in the Complaint filed by the EEOC in this action, Defendant shall pay the total gross amount of **seventy thousand dollars** ($70,000) (the "Settlement Amount"), which represents non-economic compensatory damages.  This Settlement Amount shall be the full and final amount Defendant shall pay to settle the claims brought by the EEOC on its behalf, on behalf of the Charging Party, and on behalf of Class Member.

13.     Beginning thirty (30) days from the Court's execution of this Decree, Defendant shall issue three payments totaling **sixty-two thousand dollars** ($62,000), payable in three equal monthly installments, made out to Pacin Levin, P.A., Trust Account.

14.     Within ninety (90) calendar days from the Court's execution of this Decree and the Class Member(s) providing to Defendant completed W-9 tax forms, Defendant shall pay the remaining **eight thousand dollars** ($8,000) to the Class Member(s) by check(s).  EEOC shall provide a distribution list ("Distribution List") identifying the class member(s) and award amounts within fifteen (15) business days from the Court's execution of this Decree.  The Distribution List and award of funds shall be made at the sole discretion of the EEOC and Defendant shall not challenge the Distribution List.

15.     Copies of these payments and related documents (including copies of I.R.S. Forms) shall be sent to the EEOC to the attention of Regional Attorney Robert E. Weisberg and Trial Attorney Carmen Manrara Cartaya via email at the following email addresses, with the Subject Line: "Swami Pancake, LLC IHOP Consent Decree:"  mdoconsentdecreecompliance

@eeoc.gov and carmen.cartaya@eeoc.gov.

16. If Defendant fails to tender the payments described in Paragraphs 12 through 14 above, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## POSITIVE JOB REFERENCE

17. Within fifteen (15) business days of the Court's execution, Defendant shall provide a copy of the letter attached as Exhibit "A" for Charging Party, to the EEOC through email at the following email addresses: mdoconsentdecreecompliance@eeoc.gov and carmen.cartaya@eeoc.gov. The reference letter must be on IHOP letterhead.

18. If at any time, either during or after the term of this Consent Decree, Defendant receives any inquiries regarding the employment of Charging Party or Class Member, in lieu of an oral response, Defendant shall provide a copy of the letter attached as Exhibit "A." Defendant shall provide no negative information whatsoever about Charging Party or Class Member and shall not mention any charge of discrimination or retaliation, allegation of discrimination or retaliation or this lawsuit as part of any reference.

19. During the term of this Decree, within ten (10) business days of responding to any inquiry regarding the employment of any Charging Party or Class Member, Defendant shall report compliance in writing to the EEOC, including the name and address of the person or entity to whom the written reference was provided.

## EEO CONSULTANT

20. Swami shall retain the services of an Independent EEO Consultant, who has been approved by the EEOC.

21. The EEO Consultant will perform services to ensure compliance with this Decree as outlined herein. The EEO Consultant will have the authority and obligation to:

   a. Receive any and all complaints of sex-based harassment, sex-based discrimination, and/or retaliation in Defendant's workplace;

   b. Investigate independently and confidentially any and all complaints of sex-based harassment, discrimination, and/or retaliation in Defendant's workplace;

   c. Hire an independent Subject Matter Expert to investigate independently and confidentially any and all complaints of sex-based harassment, discrimination, and/or retaliation in Defendant's workplace;

   d. Make recommendations to Defendant regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint;

   e. Maintain detailed written records of all complaints, the investigation of such complaints and the disposition of such complaints; and

   f. Forward to Defendant copies of the written records described above, in intervals negotiated by Defendant and the EEO Consultant but with no less frequency than required to comply with the Reporting requirements of this Consent Decree as described below.

22. As set forth above, once the EEO Consultant has investigated a harassment, discrimination, and/or retaliation complaint, the EEO consultant will make recommendations to Defendant regarding the appropriate action, if any, that should be taken to resolve the complaint. The EEO Consultant shall provide both parties with its investigative report, recommendations and investigation file no later than twenty (20) calendar days after receiving the underlying complaint.

Within twenty (20) calendar days after receiving the EEO Consultant's recommendation, Defendant shall carry out the EEO Consultant's recommendations, notify the EEO Consultant and the EEOC that the recommendations have been carried out or implemented, and explain or describe the manner in which the recommendations have been carried out or implemented. If Defendant disputes and does not comply with any recommendations of the EEO Consultant, Defendant will notify the EEOC and the EEO Consultant of the basis of Defendant's dispute and decision to not comply with the EEOC Consultant's recommendations, no later than twenty (20) calendar days after receiving EEO Consultant recommendations.

23. The EEO Consultant shall, to the maximum extent practicable and consistent with the EEO Consultant's obligations, work collegially, non-disruptively, and cooperatively with Defendant so as not to unduly interfere with Defendant's operations.

24. Defendant will cooperate with the EEO Consultant to the maximum extent possible to enable the EEO Consultant to fulfill the obligations outlined in this Consent Decree.

25. All fees and costs incurred for the EEO Consultant's services will be paid by Defendant.

## ADOPTION AND DISTRIBUTION OF POLICY AGAINST SEX DISCRIMINATION AND CREATION OF THIRD-PARTY HOTLINE

26. Swami must provide a phone number and answering service or voicemail to act as an employee hotline ("Employee Hotline") to monitor complaints for the duration of the Decree. The Employee Hotline must have the capability for employees to leave voicemail messages. Employees shall also be permitted to make complaints anonymously.

27. Swami must create, disseminate and implement an anti-harassment policy (the "Policy"), consistent with this Decree.

28. The Policy shall include a formal, written policy addressing allegations of sexual harassment that makes clear the Defendant's commitment to empowering employees to speak up against harassment and to non-retaliation by making clear that any employee who speaks up against harassment will be protected from negative repercussions.

29. The Policy must specify the following:

   a. Complaints of sex-based harassment, discrimination, and/or retaliation may be made through the Employee Hotline (specifically listing the phone number and the ability to call or leave a voicemail);

   b. To the extent not made to Employee Hotline, Swami will notify the EEO Consultant of all complaints and/or allegations of sex-based harassment, discrimination, and/or retaliation in its workplace within ten (10) business days.

30. The Policy must clearly define prohibited conduct and specifically prohibit sex-based harassment, discrimination, and/or retaliation discrimination in the workplace including that perpetrated by Swami's management, employees, customers, clients and vendors.

31. The Policy must provide examples of prohibited conduct, including but not limited to the following:

   a. <u>Verbal</u>: Jokes, insults and innuendoes based on sex; degrading sexual remarks; comments or questions on a persons' body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

   b. <u>Non-Verbal</u>: Touching in an unwelcome manner; and displaying sexually suggestive or degrading pictures, and shall set forth the language contained within Paragraphs 2-4 of the Notice Posting attached hereto as Exhibit "B."

32. The Policy must also specify the following:

   a. Prohibited behavior will not be tolerated from its management, employees, customers, clients, vendors or any other persons present at any of Defendant's premises or where Defendant conducts business;

   b. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

   c. Employees will not be required to complain of sex-based discrimination or retaliation directly to the individual that is engaging or engaged in the discriminatory or retaliatory behavior;

   d. The EEO Consultant, or an independent third party hired by the EEO Consultant, will investigate complaints of sex-based discrimination or retaliation.

   e. Defendant will take immediate and appropriate corrective action when the company/EEO Consultant determines that sex-based discrimination or retaliation has occurred; and

   f. Managers and employees who violate the policy are subject to discipline, up to and including discharge.

33. A copy of the Policy will be provided to the EEOC for review within sixty (60) calendar days of the Court's execution of this Decree. Thereafter, copies of the Policy will be distributed to each of Swami's employees and managers within sixty (65) calendar days of the Court's execution of this Decree.

34. A copy of the Policy shall also be included in any relevant policy or employee manual maintained by Swami. The Policy will also be kept and maintained in paper format in a

conspicuous and accessible place for all employees of Swami's and printed in a font that is easily legible (at least 12-point font).

35.     All employees will be provided a hard copy of the Policy to take home. New employees will receive a hard copy of the Policy on or before their first week of work.

## TRAINING

36.     Defendant shall provide for one-on-one training to Defendant owner, Manish Patel a/k/a Manny Patel, consisting of three hours of live training on an annual basis during the term of this Decree (the "Management Training"). Defendant shall also provide for one-on-one Management training to Bina Patel, assistant manager and wife of Manish Patel. The Management Training of Mr. Patel and the Management Training of Ms. Patel will be conducted separately and not in each other's presence. The first Management Training of Mr. Patel and Ms. Patel shall take place within ninety (90) calendar days of the Court's execution of this Decree.

37.     The second and third Management Training sessions shall take place annually and no later than July 1st of each year throughout the duration of the Decree.

38.     The Management Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Swami's Policy; (3) guidance on handling sex-based allegations and other EEO complaints and the need for confidentiality; (4) training on gender equality and diversity training specific to gender diversity; (5) examples of sexual harassment, as well as conduct short of sexual harassment, that might make an employee uncomfortable at work; (6) information on the negative impact sexual harassment has to employees, the overall workplace

culture, and to the business; and (7) details about the harm caused to individuals who experience sexual harassment at the workplace.

39. Defendant also shall provide all current employees with one (1) hour of live training (the "Employee Training"). The Employee Training shall take place within one hundred (100) calendar days of the Court's execution of this Decree.

40. The second and third Employee Training sessions shall take place annually and no later than July 1st of each year throughout the duration of the Decree.

41. The Employee Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; (2) an explanation of the prohibition against a sexually hostile work environment; (3) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Swami's Policy including, but not limited to, complaint and investigation procedures; (4) information and techniques that could help employees identify unwelcome and offensive behavior; (5) specific step-by-step instructions on how to file an EEOC Charge of Discrimination and an in-depth explanation of the EEOC investigative process; ad (6) detailed information on how to complain at Swami, who to contact, the method to contact the individual(s), and what happens after an employee complaint is made at Swami as outlined in the Policy.

42. The Management Training and the Employee Training shall be conducted by a Subject Matter Expert ("SME") who has been mutually agreed upon between Defendant and the EEOC. Defendant agrees to provide the EEOC with at least three (3) weeks-notice before conducting training sessions pursuant to this Decree. In the notice, Defendant shall notify the EEOC of the dates on which training is scheduled, the location of the training, and the name and

job title of each person who will attend the training. Defendant further agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials that will be provided to the participants of the training sessions. Defendant also agrees that the EEOC may, at the EEOC's discretion, be in attendance at any training session.

43. Within sixty (60) calendar days of each training session, the EEO Consultant will provide a written report to the EEOC confirming the contents and format of each Management Training and Employee Training sessions and whether the training session complied with this Decree. The report shall also include a list of all attendees to each training session, including the following information: (i) first and last name; (ii) the title or position of attendee; (iii) start and end times of the training session; and (iv) whether any questions were asked by the employees or managers at the training sessions and the response provided to each question.

44. All costs incurred for the training required herein will be paid by Defendant.

## POSTING OF NOTICE

45. Within thirty (30) business days from the Court's execution of this Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at Defendant's restaurant in a conspicuous location, easily accessible to and commonly frequented by Defendant's employees. The Notice shall remain posted for the duration of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within thirty-five (35) business days from the Court's execution of this Decree, Defendant shall certify to the EEOC in writing that the Notice has been properly posted as described in this Paragraph.

## MONITORING AND REPORTING

46. Defendant shall furnish to the EEOC written Reports twice annually for the duration of this Decree. The first report shall be due six (6) months after entry of the Decree and thereafter by June 30, and December 30 annually. Each such Report shall contain:

   a. A certification that the Notice required to be posted in Paragraph 45, above, remained posted during the entire six (6) month period preceding the Report.

   b. A description of each complaint of sex-based discrimination or retaliation received by Defendant within the six (6) month period preceding the report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

   c. A description of what action, if any, Defendant took in response to the complaint of discrimination or retaliation;

   d. The names of any witnesses to each complaint; and

   e. The resolution of each complaint occurring within the six (6) month period preceding the report.

   f. In the event there are no complaints of sex-based discrimination or retaliation, Defendant shall send the EEOC a "negative" report indicating no activity.

47. The EEOC may review compliance with any and all provision of this Decree.

48. As part of such review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Defendant will make all employees reasonably

available to the EEOC, and shall permit employees to speak confidentially with the EEOC for purposes of verifying compliance with this Decree.  The EEOC agrees to provide Defendant with at least 24-hour notice before seeking to inspect Defendant's facilities, interview employees, and examine and copy documents.

## NOTIFICATION OF SUCCESSORS

49. Defendant shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a substantial portion of Defendant's assets (who intends to continue the business) of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of the Decree.

## DURATION OF THE DECREE

50. The duration of the Decree shall be for a period for three (3) years from the date of the Court's execution of the Decree.  If at any time during this three (3) year period Manish Patel does not own and /or operate Defendant, then during such time period, the non-monetary obligations set forth in paragraphs 18-35; 37; 39-41; 42-43 (as to employees) and 45-46 shall be suspended.

## DISPUTE RESOLUTION

51. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC will notify Defendant and Defendant must make a good faith attempt to cure any breach of the Decree within thirty (30) calendar days of notification.  The thirty (30) calendar days to cure provision of this Paragraph shall not apply, however, to the payments required by Paragraphs 12-14 above.

52. Following the thirty (30) calendar days to cure period, the EEOC shall have the right to seek Court intervention.

53. No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any of the terms of this Decree. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of this Consent Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein. Defendant shall pay the EEOC's costs associated with any enforcement proceeding pursuant to this Consent Decree.

## COSTS

54. Each party to this Decree shall bear its own fees and costs associated with this litigation.

## NO CONDITIONAL RECEIPT

55. Defendant will not attempt to condition or condition the receipt of individual relief upon an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waiver her right to apply for employment with Defendant in the future.

**SO ORDERED, ADJUDGED AND DECREED,** this _____ day of _____, 2020.

_____
THE HONORABLE RAAJ SINGHAL
UNITED STATES DISTRICT JUDGE

[SIGNATURES OF THE PARTIES TO FOLLOW ON THE NEXT PAGE]

AGREED TO:

FOR THE PLAINTIFF, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____    Date: 1/15/2020
Robert E. Weisberg, Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (786) 648-5869
Email: robert.weisberg@eeoc.gov

FOR THE DEFENDANT, SWAMI PANCAKE, LLC.

By: _____    Date: 1/15/2020
Manish Patel a/k/a Manny Patel
Owner, Swami Pancake, LLC
D/B/A IHOP

**As to form:**

By: _____    Date: 1/15/20
Cathy M. Stutin, Esq.
Fisher & Phillips LLP
450 East Las Olas Boulevard, Suite 800
Ft. Lauderdale, FL 33301
Tel: (954) 525-4800
Fax: (954) 525-8739
Email: cstutin@fisherphillips.com

## **EXHIBIT A**

### **REFERENCE**

Dear _____,

      This letter is in reference to your request for information regarding the employment of Neleithia Hinson.

      Ms. Hinson served as a server for IHOP in Plantation, Florida from _____ to _____. Company policy does not permit us to provide any additional information concerning Ms. Hinson's employment. Ms. Hinson is eligible for rehire.

      I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


_____
Manish Patel
Swami Pancake, LLC
Owner

## **EXHIBIT B**

## **NOTICE TO ALL SWAMI PANCAKE, LLC EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Swami Pancake, LLC</u>, Case No.: 19-cv-60714.  In this case, the EEOC alleged that Swami Pancake, LLC discriminated against female employees by subjecting them to a sexually hostile work environment, or sexual harassment.  Pursuant to a Consent Decree, the EEOC and Swami Pancake, LLC have resolved the Complaint.  However, Swami Pancake, LLC denies any and all allegations in the Complaint, and by entering into this Consent Decree, Swami Pancake, LLC has not admitted to any liability nor were there any findings of wrongdoing by the Court.

Title VII protects individuals from employment discrimination because of their sex. Swami Pancake, LLC will not approve employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, sex discrimination or retaliation.  It is the policy of Swami Pancake, LLC to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability.  If you feel you are being sexually harassed or discriminated against on the basis of your sex, you may report your complaint by calling or leaving a message [add contact information of EEO Consultant and Employee Hotline.].

Swami Pancake, LLC assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC.  Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Swami Pancake, LLC's policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age.  If you believe you have been discriminated against, you may contact EEOC at 1-800-669-4000.  The EEOC charges no fees and has employees who speak many languages other than English, including Spanish and Creole.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice may be directed to: Swami Pancake, LLC's Litigation Settlement, c/o Robert Weisberg, Regional Attorney, EEOC, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

_____          _____
Manish Patel, Owner                                Date